UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

BRANDON M. WINTERS, )
            Plaintiff, )
      vs. ) CAUSE NO. 4:11-CV-49 PS
CITY OF WEST LAFAYETTE, *et al.*, )
            Defendants. )

OPINION AND ORDER

Brandon Winters alleges that West Lafayette Police Officer David Smith shot him in the jaw without provocation during an arrest (DE 1). The Defendants served interrogatories and requests for production of documents on Winters' counsel in January 2012, but Winters' attorney withdrew from the representation in March of 2012, before responding to these discovery requests (DE 19; DE 35 at 1). The Defendants, asserting that Winters has failed to cooperate with court orders to provide discovery, now seek dismissal of Winters' case [DE 35]. For the following reasons, that request is DENIED.

After several exchanges with Winters' former attorney regarding discovery, on April 2, 2012 (after Winters' counsel had withdrawn), the Defendants filed a motion to compel Winters to comply with their discovery requests [DE 22]. The court granted the motion and ordered Winters to respond, and also ordered the Defendants to serve the discovery requests directly on Winters (who was, at that point, without counsel) [DE 24]. After he was served with the discovery requests, Winters filed a response to the Court's order, requesting an extension of time to respond to the discovery requests, and the Court gave him until July 15, 2012 to respond to the Defendants' interrogatories and requests for production of documents and within which to serve

his initial disclosures [DE 30 at 1]. That deadline passed, although on July 24, 2012, the clerk's office received Winters' answers to the interrogatories (DE 36).

On July 17, 2012, the Defendants filed a motion to dismiss, asserting that Winters had not provided the requested discovery, and arguing that "[t]his continued failure on the Plaintiff's part to engage in the discovery process justifies dismissal of Plaintiff's claims against these Defendants" (DE 35 at 3). The record does not reflect that Winters has responded to the request for production of documents or provided the Defendants with his initial disclosures. Winters has filed a notice/request for clarification in which he states that any failure to respond to discovery requests resulted from his lack of legal knowledge and lack of counsel and asks me not to dismiss his claims (DE 40).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that when a litigant "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The rules prescribe a number of potential orders that the court may issue, including prohibiting the disobeying party from producing evidence, striking pleadings, staying the proceedings, dismissing the action, or rendering a default judgment. Fed. R. Civ P. 37(b)(2)(A)(i-vii). Although the Defendants' request for dismissal of the action is considered a "draconian" sanction, *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003), they are correct that "Rule 37 allows for dismissal of a case when a party commits discovery violations such as failing to make mandatory disclosures." *Sharpe v. Village of Fox Lake*, 176 Fed. Appx. 694, 697 (7th Cir. 2006). While the imposition of such a sanction does not require me to identify a pattern of discovery abuses, it does require me to make a finding of "wilfulness, bad faith or fault." *Id.*

(citing *Maynard*, 332 F.3d at 467). There must be "clear and convincing evidence of willfulness, bad faith, or fault before dismissing a case." *Maynard*, 332 F. 3d at 468.

This case is not one where there is clear and convincing evidence of willfulness, bad faith, or fault. I conclude that Winters has attempted to respond to the Defendants' discovery requests, but has been unable to respond to some of the requests because of lack of understanding or because he does not possess the materials requested, not because he was acting in bad faith or willfully disregarding court orders.

At the time he filed his complaint and when the Defendants served their requests for discovery, Winters was represented by counsel. However, following the departure of Winters' counsel, it appears that the Defendants did not file the discovery requests with the Court, as the local rules require them to do when dealing with a *pro se* litigant. *See* N.D. Ind. L.R. 26-2 ("[a]ll discovery material in cases involving a pro se party must be filed"). The Defendants did, however, attach copies of the discovery requests to their motion to compel documents (DE 22-1, 2, 3, and 4), and served the discovery requests on Winters, pursuant to the Court's order (DE 25; DE 26). There were twenty-three numbered interrogatories to the Plaintiff (DE 22-1). The Plaintiff has responded to these interrogatories (DE 36), and answered all of the questions except those dealing with his official capacity claim, which he stated that he did not comprehend. Winters has responded to the interrogatories, and I do not consider that the Defendants have suffered any actual harm from the fact that Winters interrogatory responses were late. The Defendants, of course, have the option of following up on the interrogatories by deposing Winters.

The request for production of documents contains twenty-seven separate requests (DE 22-2), including a request for all medical records pertaining to his treatment for the injury inflicted by Officer Smith, and a request for any unpaid bills arising from his treatment. The remaining requests appear to be boilerplate requests of the sort that defense attorneys routinely make in cases where the plaintiff is represented by counsel. All of the requests for production of documents appear to deal solely with the question of damages. Given Winters' status as a prisoner, it is extremely unlikely that he has the medical records sought by the Defendants in his possession or that he will be able to personally obtain them. In prisoner cases where the prisoner is proceeding *pro se*, the normal mode of obtaining medical records not in the possession of either the prison or the prisoner is for the Defendants to send a medical release form to the prisoner, and for the Defendants' counsel to use the signed form to obtain the medical records from the hospital or other custodian. This avenue is still open to these Defendants, and I conclude that as yet they have suffered no harm from the inability of Winters to provide the requested medical records himself.

While not explicitly raised by the Defendants' motion to dismiss, these discovery issues bring up the issue of Winters' representation. After Winters' counsel withdrew, he filed a motion for appointment of counsel which was preliminarily denied on June 13, 2012 (DE 34), reasoning that Winters has one claim of excessive force against one police officer and his employer, and that Winters "is aware of the facts of his case as they are within his personal experience, and, to date, he has articulated his claims quite plainly and has diligently proceeded with the case" (DE 34 at 2). But in reviewing this case, it has became apparent to me that there is an official capacity claim against the city and that Winters is not capable of adequately proceeding pro se on this

4

claim, which he asserts he does not understand. To prove this claim, or even obtain the facts necessary for me to determine if it is a valid claim that deserves to go to trial, will require discovery and analysis that appears to be beyond Winters' abilities. Accordingly, I *sua sponte* reconsider the denial of appointment of counsel, and will grant the Plaintiff's request for appointment of counsel to the extent that I will attempt to find counsel willing to represent the Plaintiff.

For the foregoing reasons, I DENY the Defendants' motion to dismiss (DE 35), reconsider the denial of the Plaintiff's motion for appointment of counsel (DE 34), GRANT the Plaintiff's motion for appointment of counsel (DE 33) to the extent that I will attempt to find counsel willing to represent the Plaintiff, VACATE the scheduling order, DENY the Plaintiff's notice/request for clarification (DE 40) as moot, and STAY the case for ninety days while I attempt to find counsel willing to represent the Plaintiff.

**SO ORDERED**.

ENTERED: November 27, 2012

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT